David W. Newman, ISBN 8251
Assistant United States Trustee
Laurie A. Cayton, USBN 4557
Melinda P. Willden, USBN 8533
United States Department of Justice
Office of the United States Trustee
405 South Main Street, Suite 300
Salt Lake City, Utah 84111
(801) 524-5734
(801) 524-5628 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>ROBERT ALLEN AUTO GROUP, INC.,<br><br>Debtor. | Case No. 20-401643-JMM<br><br>Chapter 11 |

**ACTING UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S**

**DESIGNATION AS A SMALL BUSINESS DEBTOR PURSUANT TO 11 U.S.C. § 1182(1)**

Pursuant to Federal Rule of Bankruptcy Procedure 1020(b) and (d), the Acting United States Trustee (the "United States Trustee") hereby objects to the designation of Robert Allen Auto Group, Inc. (the "Debtor") as a small business debtor as defined in 11 U.S.C. § 101(51D) and its election to proceed under Subchapter V of Chapter 11 ("Objection"). As described more fully below, the Debtor's noncontingent liquidated debt exceeded the debt limit for a small business debtor on March 2, 2020, the date that the bankruptcy petition was filed ("Petition Date"). The United States Trustee moves this Court for an order sustaining this Objection and determining that the Debtor is not a small business debtor as that term is defined in 11 U.S.C.

1

§ 101(51D) and is therefore not entitled to proceed under Subchapter V of Chapter 11.

## STATEMENT OF FACTS

1. The Debtor is a corporation formed in Idaho.

2. On or about February 22, 2019, Nissan Motor Acceptance Corporation ("NMAC") filed a complaint against the Debtor and Robert T. Allen ("Allen") in the United States District Court for the District of Idaho, Case 4:19-cv-00067-BLW, in which it alleged that the Debtor had improperly sold vehicles from its car dealership in Pocatello, Idaho without making the contractually required payments to NMAC and made further allegations (the "Idaho Complaint").

3. On or about December 17, 2019, NMAC and the Debtor and Allen entered into a Stipulation for Entry of Judgment in favor of NMAC against the Debtor and Allen for $1,979,214.61 (the "Idaho Judgment").

4. On or about February 22, 2019, NMAC filed a complaint against Robert Allen Nissan of Helena, Inc., an Idaho Corporation ("Robert Allen Nissan of Helena") and Allen in the United States District Court for the District of Montana, Case 6:19-cv-00016-CCL, in which it alleged that Robert Allen Nissan of Helena had improperly sold vehicles from its car dealership in Helena, Montana without making the contractually required payments to NMAC and made further allegations (the "Montana Complaint").

5. On or about November 7, 2019, NMAC and Robert Allen Nissan of Helena and Allen entered into a Stipulation for Entry of Judgment in favor of NMAC against Robert Allen Nissan of Helena and Allen for $2,535,253.77 (the "Montana Judgment").

6. Upon information and belief, the United States Trustee alleges that Robert Allen Nissan

2

of Helena merged with the Debtor prior to the Petition Date and the Debtor assumed the debts of Robert Allen Nissan of Helena, including the Montana Judgment.

7. On or about December 6, 2016, Allen Family Holdings, LLC, an Idaho Limited Liability Company ("Allen Family Holdings") executed a Deed of Trust in favor of NMAC ("Deed of Trust"). The original amount of the obligation secured thereunder was approximately $2,831,000 as memorialized in a promissory note. The United States Trustee does not have a copy of the promissory note. Based on testimony given at the § 341 meeting, it appears that the obligation is now approximately $2,600,000. The property that secures this debt are the 11 parcels of real property in Pocatello that are owned by the Debtor and listed on Schedule A/B.

8. Upon information and belief, the United States Trustee alleges that Allen Family Holdings merged with the Debtor prior to the Petition Date and the Debtor assumed the debts of Allen Family Holdings, including this Deed of Trust.

9. On March 2, 2020, the Debtor filed a chapter 11 bankruptcy petition.

10. On line 8 of the Petition, the Debtor checked the boxes to indicate that:
    a. The Debtor's aggregate noncontingent liquidated debts are less than $2,725,625;
    b. The Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D); and
    c. The Debtor chooses to proceed under Subchapter V of Chapter 11.

11. The Schedules and Statement of Financial Affairs that were filed together with the Petition on March 2, 2020 at Dkt. 1 (the "Original Schedules") were amended on April 30, 2020 at Dkt. 51 (the "Amended Schedules").

12. The Summary of Liabilities on the Original Schedules filed states that the Debtor's total

liabilities are $2,097,927.89. *See* Dkt. 1, p.9/85. This amount does not include the amount of the Idaho Judgment, the amount of the Montana Judgment or the amount owing under the Deed of Trust.

13. The Amended Schedules disclose a total liability of $2,124,344.27. *See* Dkt. 51. This amount does not include the amount of the Idaho Judgment, the amount of the Montana Judgment or the amount owing under the Deed of Trust.

14. Part 3, Line 7 of the Statement of Financial Affairs asks the Debtor to disclose any legal actions which it has been involved in within one year before the petition date. The Debtor did not disclose the Idaho Complaint and Idaho Judgment, or the Montana Complaint and Montana Judgment in the Original Schedules. *See* Dkt. 1, p. 54. The Amended Schedules list the Idaho Complaint lawsuit and the Montana Complaint lawsuit as 'concluded' but do not list the dollar amount of the Idaho Judgment and Montana Judgment on the list of creditors. *See* Dkt. 51 at p. 10 and 13.

15. NMAC is not listed on the List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders. *See* Dkt. 1, p. 6-8.

16. NMAC is listed at Line 3.85 of Schedule E/F (nonpriority unsecured creditors) with an "unknown" claim amount and the statement that the claim is "subject to setoff." *See* Dkt. 1, p.38. When questioned by the United States Trustee at the 341 meeting, the Debtor stated that this was the Debtor's disclosure of the Idaho Judgment. This entry was not changed on the Amended Schedules. *See* Dkt. 51.

17. The Montana Judgment is not disclosed on the Schedules. At the 341 meeting, the Debtor stated that the Schedules would be amended to disclose the Montana Judgment. The

4

Amended Schedules now disclose the existence of the Montana Complaint lawsuit at Part 3, Line 7 of the SOFA. *See* Dkt. 51 at p.13. However, the dollar amount of the Montana Judgment was not listed on the Amended Schedules.

18. NMAC's Deed of Trust secured by the real property is disclosed at Line 2.13 of Schedule D in an "unknown" amount. The Debtor stated that the debt is "subject to setoff." *See* Dkt. 1, p.22.

19. The Debtor states that it has claims against NMAC at Line 75, Part 11 of Schedule A/B. The claim amount is "unknown." *See* Dkt. 1 at p.14. Upon information and belief, the United States Trustee alleges that the legal proceeding to pursue this claim has not yet been filed.

20. The Amended Schedules disclose a second legal claim at Line 75, Part 11 of Schedule A/B, identified as a "possible insurance claim" also in an unknown amount, though the amount requested is $28,000. *See* Dkt. 51 at p.8.

## ARGUMENT

## I. THE DEBTOR DOES NOT QUALIFY UNDER SUBCHAPTER V BECAUSE ITS DEBTS EXCEED THE LIMITS FOR A SMALL BUSINESS DEBTOR

The Debtor in this case does not qualify as a small business debtor. Only debtors who qualify as small business debtors may proceed under Subchapter V of Chapter 11. *See* 11 U.S.C. § 1182(1). Because the Debtor's petition indicates that it is a small business debtor and that it elects to proceed under Subchapter V, this case will proceed as such "unless and until the court enters an order finding that the debtor's statement is incorrect." Fed. R. Bankr. P. 1020(a). The United States Trustee may file an objection to the small business debtor designation within 30

5

days after the conclusion of the meeting of creditors. *See* Fed. R. Bankr. P. 1020(b). That meeting was concluded on April 8, 2020 and this objection is timely. The objection and request for determination that the debtor is not a small business debtor is governed by Fed. R. Bankr. P. 9014. *See* Fed. R. Bankr. P. 1020(d). The United States Trustee requests that this Court enter an order (1) sustaining this Objection, (2) finding that the Debtor is not a small business debtor, and (3) holding that the Debtor may proceed under Chapter 11 of the Bankruptcy Code but cannot proceed under subchapter V of Chapter 11.

As it existed on the Petition Date, 11 U.S.C. § 101(51D) defines a "small business debtor" as a person "that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $2,725,625." Although this debt limit was recently amended and increased to $7,500,000, the lower debt limit applies to this case.[1] Even if, for the sake of argument, the higher debt limit applied, the Debtor still does not qualify as a small business debtor because the Debtor's noncontingent liquidated debts when the petition was filed totaled approximately $9,212,396.27.

The Debtor's Amended Schedules disclose $2,124,344.27 in noncontingent liquidated debt as of the petition date. The amount of the Idaho Judgment was listed as "unknown" and was therefore not included in this calculation. The amount of the Montana Judgment was not listed on the Schedules at all and was therefore not included in this calculation. The amount owing under the Deed of Trust was listed as "unknown" and was therefore not included in this calculation. If

---

[1] The debt limit for a small business debtor was raised to $7,500,000 by the CARES Act passed on March 27, 2020. *See* Section 1113(a)(1) of the CARES Act, codified at 11 U.S.C. § 1182(1). This higher debt limit applies only to cases filed on or after the date the CARES Act was passed. *See* Section 1113(a)(3) of the CARES Act.

6

these debts are added in, the sum is greater than $2,725,625:

>$2,124,344.27 [amount of debt disclosed on Debtor's Amended Schedules]
>$1,979,214.61 [amount of the Idaho Judgment]
>$2,535,253.77 [amount of the Montana Judgment]
>$2,600,000.00 [approximate amount owing under the Deed of Trust]
>$9,238,812.65 [total amount of noncontingent unliquidated debt on petition date]

It is appropriate for a court to look "past the schedules" and consider other evidence of debt if it appears that the amount of a claim may not be stated accurately in the schedules or if the claim was not listed in the schedules. *See Leiann Tonie Fountain v. Duetsche Bank Nat'l Trust Co.* (*In re Fountain*), 612 B.R. 743, 749 (9th Cir. BAP 2020).

**A. The Idaho Judgment, Montana Judgment and Mortgage Should Be Counted in the Noncontingent Liquidated Debt Amount**

"It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *In re Las Vegas Monorail Co.*, 429 B.R. 770, 776 (Bankr. D. Nev. 2010) (*citing Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004)). Section 101(51D) of the Bankruptcy Code clearly contemplates the inclusion of "aggregate noncontingent liquidated secured and unsecured debts" in the calculation of the debtor's debt as of the petition date.

The Bankruptcy Code does not separately define "noncontingent" or "liquidated" but "when terms used in a statute are undefined, we give them their ordinary meaning." *Hamilton v. Lanning*, 560 U.S. 505, 513 (2010). The terms "noncontingent" and "liquidated" are also used in 11 U.S.C. § 109(e) to define the income of an individual debtor who is filing under chapter 13. In the chapter 13 context, there is extensive case law defining "noncontingent" and "liquidated." "It is a general rule of statutory construction that a term should be construed consistently throughout

7

a statute." *In re Quintana*, 107 B.R. 234, 237 (9th Cir. BAP 1989), *aff'd*, 915 F.2d 513 (9th Cir. 1990). Thus, the definitions of "noncontingent" and "liquidated" as discussed by the courts in the context of a chapter 13 bankruptcy case are also applicable to a bankruptcy case filed under chapter 11.

### 1. Noncontingent

"A claim is non-contingent if 'it is based on and arises from events that occurred entirely pre-petition.'" *In re Aparicio*, 589 B.R. 667, 674 (Bankr. E.D. Cal. 2018) (*quoting In re Loya*, 123 B.R. 338, 340 (9th Cir. BAP 1991) *and Nicholes v. Johnny Appleseed (In re Nicholes)*, 184 B.R. 82, 88 (9th Cir. BAP 1995)).

All the facts alleged in the Montana Complaint and the Idaho Complaint took place before the petition date. The Montana Judgment and the Idaho Judgment were stipulated to and signed by the appropriate judge before the Petition Date. Thus, the dollar amounts in the Montana Judgment and Idaho Judgment are noncontingent.

The Deed of Trust was entered into before the Petition Date and is thus also noncontingent.

### 2. Liquidated

"In the Ninth Circuit, a debt is liquidated for purposes of calculating Chapter 13 eligibility if the amount of the debt is readily determinable." *In re Aparicio*, 589 B.R. at 675 (*citing Slack v. Wilshire Ins., Co. (In re Slack)*, 187 F.3d 1070, 1073-75 (9th Cir. 1999)). A dispute about liability does not disqualify a debt from being categorized as a liquidated debt. "Bankruptcy courts in this circuit have held that disputes regarding liability arising out of contract and tort claims do not render a debt unliquidated." *In re Slack*, 187 F.3d at 1074; *see*

8

*also In re Knight*, 55 F.3d 231, 235 (7th Cir. 1995) (*cited* in *In re Slack*, 187 F.3d at 1074) (holding that disputed claims are included in the calculation of the amount of debt for chapter 13 eligibility requirements).

> But disputes as to the debtor's liability for a debt does not render a debt unliquidated unless the dispute precludes the ready determination of the debt. *Ho v. Dowell (In re Ho)*, 274 B.R. 867, 873 (9th Cir. BAP 2002). In Ho for example, there were pre-petition allegations of the debtor's liability for contractual and tort claims, but there was no judgment. There, the dispute itself brought into question the debtor's liability and what portion of the contract for which the debtor could have been found responsible. No such facts are present here. Ethan may contend he is not responsible for the entirety of the debt Olivia asserts. **Indeed, there may be substantial defenses to enforcement of the judgment. But on the date of the petition, that judgment was entered**.

*In re Aparicio*, 589 B.R. 667, 676 (Bankr. E.D. Cal. 2018) (emphasis added). In this case, the debts have been reduced to judgment. The dollar amounts in the Montana Judgment and Idaho Judgment make the amount of these debts 'readily determinable' and thus should be included in the calculation of the Debtor's noncontingent liquidated debts.

The amount owing under the Deed of Trust on the date of the petition is also readily determinable under the terms of the contract itself.

### B. The Debtor's Argument for Offset Fails

The Debtor defends its statement that the amount of these debts owing to NMAC is "unknown" and therefore not included in its calculation of noncontingent liquidated debt by stating that the debts are subject to offset. The Debtor's claims against NMAC are based on breach of contract, intentional interference with economic relations and failure to mitigate on repossessions. *See* Dkt. 1 at p.14. At the § 341 meeting, the Debtor stated that its potential offset claims may be as much as $10 million. However, the Debtor also stated that the legal action to pursue and liquidate these offset claims has not yet been filed.

9

The argument that an offset claim can be used to reduce the amount of debt or classify a debt as unliquidated has been rejected by courts in the Ninth Circuit. "The right of setoff — even if it exceeds the amount and therefore negates the amount owed a creditor — does not make a liquidated debt unliquidated." *In re Aparicio*, 589 B.R. 667, 676 (Bankr. E.D. Cal. 2018) (citations omitted). A debtor may not use a counterclaim to reduce the amount of debt owing. "[E]ligibility is simply defined in terms of aggregate debts, and not in terms of 'net' aggregate debts. The Bankruptcy Appellate Panel has held that, for the purpose of determining eligibility for a Chapter 13, the amount of debt should not be reduced by the value of a counterclaim asserted by the debtor." *Quintana v. IRS (In re Quintana)*, 107 B.R. 234, 240 (9th Cir. BAP 1989), *aff'd*, 915 F.2d 513 (9th Cir. 1990). An unliquidated counterclaim is an asset of the estate, not a reduction in the debt owing by the estate:

> The debtors' desire to set-off their counterclaim against their debt to Connecticut General is no different from any other attempt to set-off, with the added practical difficulty inherent in the valuation of an unliquidated counterclaim. The analysis is similar: **a counterclaim, if it has some value, is an addition to assets of the estate and not a reduction to its liabilities.** The term "aggregate debts" should not be interpreted as aggregate debts less certain assets.

*In re Quintana*, 107 B.R. at 240 (emphasis added).

In addition, "post-petition events do not change the debt limit analysis. Eligibility should normally be determined by the debtor's originally filed schedules checking only to see if the schedules were made in good faith." *In re Aparicio*, 589 B.R. at 675 (*citing In re Slack*, 187 F.3d 1070, 1072 (9th Cir. 1999)). Any offset claim that the Debtor brings against NMAC will be post-petition. Because post-petition events do not change the amount of noncontingent liquidated debt on the date of the petition, the Debtor's potential offset claim against NMAC should be disregarded in calculating the amount of the Debtor's debt on the petition date.

10

The United States Trustee discovered these debts from information provided by NMAC. The Debtor did not originally disclose the amount or existence of the Montana Judgment, nor did it disclose the amount of the Idaho Judgment nor the amount owing under the Deed of Trust. The United States Trustee is concerned about debtors developing a practice of leaving substantial debts undisclosed or partially disclosed solely to fit into the debt limits of a small business debtor and to make the election to proceed under Subchapter V.

## II. RELIEF REQUESTED

Therefore, for the reasons stated, the United States Trustee respectfully requests an order from this Court (1) sustaining this Objection, (2) finding that the Debtor is not a small business debtor, and (3) holding that the Debtor may proceed under Chapter 11 of the Bankruptcy Code but cannot proceed under subchapter V of Chapter 11, and for any other relief that the Court finds proper.

Date:   May 1, 2020

                                GREGORY M. GARVIN
                                Acting United States Trustee, Region 18


                        By:    /s/
                                Melinda P. Willden
                                Laurie A. Cayton
                                Attorneys for the Acting United States Trustee
                                (Non CM/ECF e-mail
                                Melinda.Willden@usdoj.gov
                                Laurie.Cayton@usdoj.gov

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2020, I caused to be filed a copy of the foregoing electronically through the CM/ECF system, which causes the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- Laurie A Cayton    laurie.cayton@usdoj.gov
- Matthew Todd Christensen    mtc@angstman.com, mtcecf@gmail.com;megan@angstman.com;abbie@angstman.com;ecf@angstman.com;atty_christensen@bluestylus.com;christensenmr81164@notify.bestcase.com
- Donald H Cram    dhc@severson.com
- Mark A Ellingsen    mae@witherspoonkelley.com, conniem@witherspoonkelley.com;gaylev@witherspoonkelley.com;angelc@witherspoonkelley.com
- Robert J Maynes    mayneslaw@hotmail.com, rosie.mayneslaw@gmail.com;maynestaggartecf@gmail.com;rlyon@maynestaggart.com;maynestaggart@gmail.com
- David Wayne Newman    ustp.region18.bs.ecf@usdoj.gov
- Gary L Rainsdon    trustee@filertel.com, id12@ecfcbis.com;lori@filertel.com;cblackburn@filertel.com;jhancock@filertel.com
- Jeffrey E Rolig    jrolig@roliglaw.com
- Steven L Taggart    staggart@maynestaggart.com, rparson@maynestaggart.com;maynestaggartecf@gmail.com
- US Trustee    ustp.region18.bs.ecf@usdoj.gov
- Melinda Willden    Melinda.Willden@usdoj.gov

    /s/
Melinda P. Willden