Steven L. Taggart, ISB No. 8551
Robert J. Maynes, ISB No. 6905
**MAYNES TAGGART PLLC**
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: staggart@maynestaggart.com
          rmaynes@maynestaggart.com

*Debtor's counsel*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re: | Case No. 20-40163-JMM |
|---|---|
| ROBERT ALLEN AUTO GROUP, INC. | Chapter 11 |
| Debtor/Debtor-in-Possession. | |

**<u>AMENDED</u> APPLICATION TO APPROVE EMPLOYMENT OF GREG JOHNSTON, REALTOR OF KELLER WILLIAMS REALTY EAST IDAHO, AS REALTOR FOR THE DEBTOR**
**and**
**NOTICE AND OPPORTUNITY TO OBJECT AND FOR HEARING**

> <u>No Objection</u>. The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of this notice.
>
> If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.
>
> <u>Objection</u>. Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.
>
> <u>Hearing on Objection</u>. The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

COMES NOW the Debtor, Robert Allen Auto Group, Inc. (hereinafter "Debtor") and moves for approval of the proposed employment of Greg Johnston of Keller Williams

Realty East Idaho, as the real estate agent for the Debtor ("REALTOR") to sell various real property for the following reasons:

1. The Debtor filed a Petition under Chapter 11, Subchapter V of 11 U.S.C. on March 3, 2020.

2. The Debtor subsequently filed an amended petition to change the filing to Chapter 11 on May 22, 2020.

3. The Debtor is seeking to resolve its debts, in part, by selling real property in Bannock County.

4. The Debtor wishes to employ REALTOR consistent with the terms of the attached RE-16 Seller Representation Agreement, attached as Exhibit "A", at a rate of 6% of the purchase price of any of Debtor's real property sold by REALTOR. REALTOR has agreed that it will solely have agency with Debtor and no other party to any transaction. *See* Exhibit "A".

5. Such employment request is made pursuant to 11 U.S.C. § 503(b)(2).

6. The purpose of REALTOR's hiring will be to market and sell property in Bannock County, address of 300 North 5th Ave., Pocatello, ID which consists of buildings and property totaling approximately 28,961 square feet on a 2.96 acre site. The subject property legal description is as follows:

    Parcel 1 - RUPOC175400 Block 270, Lots 11-15 & South 6' of Lot 16
    Parcel 2 - RUPOC184300 Block 293, Lots 1 and 2
    Parcel 3 - RUPOC183500 Block 293, Lots 2 and 3
    Parcel 4 - RUPOC183600 Block 293, Lots 4 and 5
    Parcel 5 - RUPOC183700 Block 293 Lots 6 thru 10
    Parcel 6 - RPPOC184300 Block 294, Lots 1 thru 7
    Parcel 7 - RPPOC183800 Block 293, Lots 11 and 12
    Parcel 8 – RPPOC 174700 Block 269, Lots 165 and South 1/2 of 17
    Parcel 9 - RPPOC175200 Block 270, Lots 7 and 8
    Parcel 10 - RPPOC175302 Block 270, West 70' of Lots 9 and 10

      Parcel 11 - RUPOC173800 Block 270, Lots 1 and 2

7. REALTOR was selected because of his expertise in commercial real estate marketing.

8. It is necessary for Debtor to hire REALTOR for these services.

9. After sharing the creditor matrix with REALTOR and discussing the same with REALTOR, it is believed that REALTOR has no conflicting financial or related connection with the creditors of Debtor or other parties in interest or their or their respective attorneys, the United States Trustee or any person employed in the office of the United States Trustee with the exception that the principal of the Debtor, Mr. Allen, has recently joined the same brokerage as REALTOR (but will not be involved in the marketing or sale of the properties in that capacity). His broker, Michael J. Johnston, has submitted a declaration affirming those basic facts. *See* attached Exhibit "B".

10. REALTOR'S employment represents no interest adverse to Debtor or the estate in the matters upon which he is to be engaged for Debtor and the proposed employment would be in the best interest of the estate.

11. REALTOR shall only be paid after a proposed real estate transaction is approved by the Court and successfully closes.

WHEREFORE, your Applicant, the Debtor, pray that its employment of Greg Johnston of Keller Williams Realty East Idaho in this proceeding be approved for the purpose of marketing Debtor's real property.

      DATED:    June 19, 2020

                MAYNES TAGGART PLLC

                */s/ Steven L. Taggart*
                Steven L. Taggart, Esq.

VERIFIED STATEMENT OF PROSPECTIVE REALTORS
[FRBP Rule 2014(a)]

STATE OF IDAHO )
                                             ::SS
County of Bonneville )

1. The Debtor has expressed a desire to employ Greg Johnston of Keller Williams Realty East Idaho as the REALTOR for the bankruptcy estate in the above captioned case.

2. It is necessary for the Debtor to employ REALTOR for such professional services given the nature of the bankruptcy case.

3. I have agreed to accept compensation of 6% of the purchase price in the event a real estate transaction is closed. I understand that my actual fees are subject to Court approval of a proposed real estate transaction.

4. In any transaction my brokerage and I will solely represent the Debtor.

5. To the best of my knowledge, I have no direct connection with the creditors or any other party in interest or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee except that Robert Allen is employed in the same real estate brokerage. He will play no role in marketing the properties at issue.

6. Your affiant represents no interest adverse to the estate in the matters upon which I am to be engaged for the Debtor and my employment would be in the best interest of the estate.

7. Further your affiant sayeth not.

DATED: ~~April~~ June 16th, 2020

By: _____
Greg Johnston

SUBSCRIBED AND SWORN TO before me this 16 day of June, 2020.

_____
NOTARY PUBLIC
Residing at: Pocatello, ID
Expires: 7/17/2025

HEATHER MARIE FRECKLETON
COMMISSION #20191367
NOTARY PUBLIC
STATE OF IDAHO

AMENDED APPLICATION TO APPROVE EMPLOYMENT OF REALTOR
Page 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 19, 2020, I filed a copy of the attached pleading with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

PARTIES SERVED:

Christopher P. Slette on behalf of U.S. Bank National Association – efile@magicvalleylaw.com

David W. Newman, Assistant US Trustee - ustp.region18.bs.ecf@usdoj.gov

Elizabeth Lombard on behalf of American Express National Bank (Zwicker & Associates, PC) – bknotices@zwickerpc.com

Gary L Rainsdon - trustee@filertel.com, id12@ecfcbis.com; lori@filertel.com; cblackburn@filertel.com; jhancock@filertel.com

Jeff E. Rolig on behalf of Balboa Capital Corporation – jrolig@roliglaw.com

Jeffrey M. Wilson on behalf of U.S. Bank National Assoc. – jeff@wilsonmccoll.com

Laurie A. Cayton on behalf of U.S. Trustee US Trustee - laurie.cayton@usdoj.gov

Louis V. Spiker on behalf of U.S. Bank National Association – lvs@magicvalley.com

Mark A. Ellingsen on behalf of Creditor Nissan Motor Acceptance Corporation mae@witherspoonkelley.com, conniem@witherspoonkelley.com; gaylev@witherspoonkelley.com; angelc@witherspoonkelley.com

Matthew T. Christensen on behalf of Robert E. Allen – mtc@angstman.com

Melinda Willden on behalf of U.S. Trustee US Trustee - Melinda.Willden@usdoj.gov

And as otherwise noted on the Court's Notice of Electronic Filing.

I HEREBY CERTIFY FURTHER that on June 19, 2020, I served a copy of the above referenced pleading(s) on the following parties via postage prepaid, first class, U.S. Mail, including the 20 largest unsecured creditors:

| | |
|---|---|
| Robert Allen Auto Group, Inc.<br>9075 Stoney Creek Rd.<br>Pocatello, ID  83204 | Donald H. Cram, Esq.<br>Severson & Werson, P.C.<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA. 94111 |

AMENDED APPLICATION TO APPROVE EMPLOYMENT OF REALTOR
Page 5

| | |
|---|---|
| Duane M. Geck, Esq.<br>Severson & Werson, P.C.<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA. 94111 | Andrew S. Elliott, Esq.<br>Severson & Werson, P.C.<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA. 94111 |
| American Express c/o Tiffany Maldonado, Esq.<br>1151 S. Wash. Ave., Ste. 404<br>Piscataway, NJ  08854 | Angela Allen<br>9075 Stoney Creek Rd.<br>Pocatello, ID  83204 |
| BFS Capital<br>3301 N. University Dr., Suite 300<br>Coral Springs, FL  33065 | Caine & Weiner<br>2000 Warrington Way, Ste. 150<br>Louisville, KY  40222 |
| Citi Bank<br>PO Box 78045<br>Phoenix, AZ  85062 | Dani McDonald<br>1502 Boston Rd.<br>Helena, MT  59602 |
| Great America Financial Services<br>625 First Street SE, Ste. 800<br>Cedar Rapids, IA 52401 | Kenneth Edick<br>3439 Blue Heron St.<br>Helena, MT  59602 |
| Robert Allard<br>307 S. Billings Blvd. #64<br>Billings, MT  59101 | Robert T. Allen<br>9075 Stoney Creek Rd.<br>Pocatello, ID  83204 |
| Tyler Allen<br>316 W. 200 S., Apt. 402<br>Salt Lake City, UT  84101 | US Bank Equipment Finance<br>1310 Madrid Street<br>Marshall, MN  56258 |
| VinSolutions<br>3400 New Hyde Park Rd.<br>New Hyde Park, NY  11042-1226 | Balboa Capital Corporation<br>575 Anton Blvd., 12 Floor<br>Costa Mesa, CA  92626 |
| Susan K. Edick<br>3439 Blue Heron St.<br>Helena, MT  59602 | CenturyLink<br>PO Box 91155<br>Seattle, WA  98111 |
| Valley Bank<br>3030 Montana Ave.<br>Helena, MT  59601 | Dealer FX Group Inc.<br>80 Tiverton Court, Ste. 500<br>Markham ON L3R 0G4, Canada |

AMENDED APPLICATION TO APPROVE EMPLOYMENT OF REALTOR
Page 6

       Mitsubishi Motor North Am.
       6400 Katella Ave.
       Cypress, CA  90630

DATED:  June 19, 2020

      */s/ Theresa G. Carson*
      Theresa G. Carson
      Legal Assistant



# RE-16 SELLER REPRESENTATION AGREEMENT
## (EXCLUSIVE RIGHT TO REPRESENT)

MARCH 2020 EDITION
Page 1 of 5

THIS IS A LEGALLY BINDING CONTRACT, READ THE ENTIRE DOCUMENT, INCLUDING ANY ATTACHMENTS.
IF YOU HAVE ANY QUESTIONS, **CONSULT YOUR ATTORNEY AND/OR ACCOUNTANT** BEFORE SIGNING.



1  **DATE:** 4/13/2020                                              **AGENT:** Greg Johnston
2                                                                  Acting as Agent for the Broker
3  **1. SELLER** Allen Family Holdings LLC
4  retains Michael James Johnston                Broker of Keller Williams Realty East Idaho                as
5  SELLER'S exclusive Broker to sell, lease, or exchange the property described below, (hereafter "Property"),on the terms stated herein or on
6  other terms agreed to in writing by SELLER in future negotiations with any BUYER. SELLER retains BROKER and grants to BROKER the
7  exclusive right to represent SELLER, where the SELLER is represented by only one broker for the duration stated herein and for the express
8  purpose of representing SELLER in the sale, lease or exchange of the Property. Further, SELLER agrees, warrants and acknowledges that
9  SELLER has not and shall not enter into any seller representation agreement with another broker to sell, lease or exchange the Property
10 during the effective term of this agreement. SELLER agrees to indemnify and hold the above-listed Broker harmless from any claim brought
11 by any other broker or real estate salesperson for compensation claimed for assisting SELLER during the duration of this agreement. **By**
12 **appointing Broker as SELLER'S exclusive real estate broker, SELLER agrees to conduct all negotiations to sell the Property**
13 **through Broker, and to refer to Broker all inquiries or leads received in any form from real estate brokers, salespersons, prospective**
14 **buyers, or any other source, during the time this Exclusive Seller Representation Agreement is in effect.**
15 **2. PROPERTY ADDRESS AND/OR LEGAL DESCRIPTION.** The property address and/or the complete legal description of the property
16 are as set forth below.
17 Address  345 North 5th Ave
18 County Bannock                                City Pocatello                                State Idaho         Zip 83201
19 Legal and/or Property Description
20
21 or [X] Legal and/or Property Description Attached as exhibit  A           . **(Exhibit must accompany this agreement and be signed**
22 **or initialed by SELLER.)**
23
24 **3. TERM OF AGREEMENT.** The term of this Agreement shall commence on 4/13/2020                    and shall expire at 11:59
25 p.m. on 4/30/2021                              unless renewed or extended. If the SELLER accepts an offer to purchase or exchange,
26 the terms of this Agreement shall be extended through the closing of the transaction.
27
28 **4. PRICE.** SELLER agrees to sell the Property for a total price of $4300000
29 Four Million Three Hundred Thousand Dollars And Zero Cents
30
31 **5. FINANCING.** SELLER agrees to consider the following types of financing: *(Complete all applicable provisions).*
32      ☐FHA    ☐VA    [X]CONVENTIONAL    ☐IHFA    ☐RURAL DEVELOPMENT    ☐Exchange
33      [X]Cash    ☐Cash to existing loan(s)    ☐Assumption of existing loan(s)
34 ☐ SELLER will carry contract and accept a minimum down payment of $                               and an acceptable secured
35 note for the balance to be paid as follows:
36
37
38 Other acceptable terms
39
40
41 **6. BROKERAGE FEE.**
42 (A) If Broker or any person, including SELLER, procures a purchaser ready, willing and able to purchase, transfer or exchange the Property
43 on the terms stated herein or on any other price and terms agreed to in writing, the SELLER agrees to pay a total brokerage fee
44 of      6% of the contract or purchase price OR $-              . Of this total brokerage fee,      3% of the contract purchase price
45 OR $-              will be shared with the cooperating brokerage unless otherwise agreed to in writing. The fee shall be paid in cash
46 at closing and deducted from the seller's proceeds on the settlement statement unless otherwise designated by the Broker in writing.
47 (B) If Broker procures a lessee ready, willing and able to lease the Property on the terms stated herein, or on any other price and terms
48 agreed to in writing, the SELLER agrees to pay a total brokerage fee of the greater of:      -% of the total base rent OR
49 -      month's rent OR a one-time flat fee of $-            . Of this total brokerage fee,      -% of the total base rent
50 OR -      month's rent OR a one-time flat fee of $-            will be shared with the cooperating brokerage unless otherwise
51 agreed to in writing. Any applicable flat fee shall be paid in cash upon execution of the lease agreement unless otherwise designated by
52 the Broker in writing. Base rent is defined as the specific minimum rent owed by lessee to SELLER each month. In addition, if the lease
53 is a 'lease to own' contract, or if the lessee exercises an option to purchase under the lease, then in addition to the terms specified in this
54 section (b), Broker shall also be entitled to the brokerage fee enumerated in section (a) above.
55 (C) Further, the brokerage fee is payable if the Property or any portion thereof or any interest therein is, directly or indirectly, sold,
56 exchanged or optioned or agreed to be sold, exchanged or optioned within 90      calendar days (ninety [90] if left blank) following
57 expiration of the term hereof to any person who has examined, been introduced to or been shown the Property during the term hereof;
58 unless SELLER enters into a Seller Representation Agreement to market said Property with another Broker. This subsection (C) shall
59 survive the term or termination of this Agreement unless explicitly revoked in a written document signed by Broker and Client.

SELLER'S Initials (____)(____) Date: 4-13-2020

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the
Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

MARCH 2020 EDITION            RE-16 SELLER REPRESENTATION AGREEMENT                            Page 1 of 5

Serial#: 075187-100158-6815198
Prepared by: Greg Johnston | KELLER WILLIAMS REALTY EAST ID | PocatelloRealtor@Gmail.com | 2085298888

Form Simplicity

# EXHIBIT "A"
# Page 1 of 5

| JULY 2019 EDITION | RE-16 SELLER REPRESENTATION AGREEMENT | Page 2 of 5 |
|---|---|---|

**PROPERTY ADDRESS:** 345 N 5th, Pocatello, Idaho

60  (D) This is a contract for a specific term. In the event SELLER breaches this representation agreement by terminating it prior to its
61  expiration, said termination shall be deemed to be wrongful interference which prevented Broker from performing Broker's duties hereunder
62  and as a special condition of this agreement SELLER shall be liable to Broker for a cancellation fee equal to **0**_____% of the PRICE
63  enumerated in Section 4 above or $**0**_____. This cancellation fee is only available if Broker is not compensated under Sections
64  6A or 6B above. This fee shall be the minimum amount owed to Broker as SELLER may be liable for further payment to Broker if Broker
65  becomes obligated to pay third parties, including but not limited to commissions owed to Buyer's agents if SELLER was under contract at
66  the time of breach.
67  **7. ADDITIONAL FEES:** _____
68  _____
69  _____
70
71  **8. INCLUDED ITEMS.** SELLER agrees to leave with the premises all seller-owned attached floor coverings, television wall mounts, satellite
72  dish, attached plumbing, bathroom and lighting fixtures, window screens, screen doors, storm doors, storm windows, window coverings,
73  garage door opener(s) and transmitter(s), exterior trees, plants or shrubbery, water heating apparatus and fixtures, attached fireplace
74  equipment, awnings, ventilating, cooling and heating systems, all ranges, ovens, built-in dishwashers, fuel tanks and irrigation fixtures and
75  equipment, if any, that are appurtenant thereto that are now on or used in connection with the premises and shall be included in the sale
76  unless otherwise provided herein.
77  Also included: _____
78  _____
79
80  **9. EXCLUDED ITEMS.** _____
81  _____
82  _____
83  _____
84
85  **10. FARM/CROPS/TIMBER RIGHTS:** SELLER, or any tenant of SELLER, shall be allowed to harvest, sell or assign any annual crops which
86  have been planted on the PROPERTY prior to the date of a purchase and sale agreement, even though said harvest time may occur
87  subsequent thereto, unless otherwise agreed to in writing. If the crop consists of timber, then neither SELLER nor any tenant of SELLERS
88  shall have any right to harvest the timber unless the right to remove same shall be established in writing. Notwithstanding the provisions
89  hereof, any tenant who shall be leasing the PROPERTY shall be allowed to complete the harvest of any annual crops that have been planted
90  prior to the date of Contract Acceptance as previously agreed between SELLER and Tenant. **ANY AND ALL SUCH TENANT AGREEMENTS**
91  **ARE TO BE ATTACHED TO THE PURCHASE AND SALE AGREEMENT.**
92
93  **11. WATER & MINERAL RIGHTS:** Any and all mineral rights appurtenant to the PROPERTY are included in and are part of the sale of this
94  PROPERTY, and are not leased or encumbered, unless otherwise disclosed by the SELLER in writing. Any and all water rights including but
95  not limited to water systems, wells, springs, lakes, streams, ponds, rivers, ditches, ditch rights, and the like, if any, appurtenant to the
96  PROPERTY are included in and are a part of the sale of this PROPERTY unless otherwise agreed to by the parties in writing.
97
98  **12. TITLE AND EXISTING ENCUMBRANCES.** Title to the Property is to be conveyed by Warranty Deed unless otherwise provided herein,
99  and is to be marketable and insurable except for rights reserved in federal patents, federal, state or railroad deeds, building or use restrictions,
100 building and/or zoning regulations and ordinances of any governmental entity, and rights of way and easements established or of record.
101 The individual executing this Agreement warrant and represents that said individual either owns the Property or has full power and right to
102 enter into this Agreement and to sell and convey the Property on behalf of the SELLER and that to the best of said individual's knowledge
103 the Property is in compliance with all applicable building and zoning regulations and with any applicable covenants and restrictions affecting
104 the Property except: _____
105 _____
106 _____
107 _____
108
109 The SELLER agrees to provide good and marketable title to the Property at the time of closing. The Property is currently encumbered by
110 the following liens: ☐None  ☒1st Mortgage  ☐2nd Mortgage  ☐Home Equity Loan  ☐Other _____
111
112 If encumbered, the loan payments are current ☒ yes  ☐no; If no, the Property ☐is  ☒is not currently under foreclosure proceedings. If
113 Property is currently or becomes involved in foreclosure proceedings, Idaho law requires certain additional disclosures to be provided in a
114 separate form and affixed to the Purchase and Sale Agreement. Foreclosure means that a trustee or beneficiary has filed a notice of default
115 in the county where the Property identified in Section 2 is situated and in addition to any statements required by Idaho law, the notice also
116 states that trustee or beneficiary has elected to sell the Property to satisfy the obligation.
117
118 SELLER is aware that some loans have a recapture provision or prepayment penalty and SELLER may be required to pay additional funds
119 to satisfy such recapture or penalty.
120
121           SELLER'S Initials (____) (____) Date: 4/19-2020 _____

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the
Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

| MARCH 2020 EDITION | RE-16 SELLER REPRESENTATION AGREEMENT | Page 2 of 5 |
|---|---|---|

Serial#: 046513-100158-6811692
Prepared by: Greg Johnston | KELLER WILLIAMS REALTY EAST ID | PocatelloRealtor@Gmail.com | 2085298888

Form Simplicity

**EXHIBIT "A"**

**Page 2 of 5**

JULY 2019 EDITION          RE-16 SELLER REPRESENTATION AGREEMENT          Page 3 of 5

PROPERTY ADDRESS: 345 N 5th, Pocatello, Idaho

122  **13. MULTIPLE LISTING SERVICE AUTHORIZATION.** (Name of MLS) **Greater Pocatello Association of REALTORS MLS**
123  _QK_ / _____  By initialing this line, it is understood that Broker is a member of the above MLS. SELLER authorizes and directs Broker
124  (Initial)  to offer to cooperate with and compensate other Brokers, and to submit a Property Data Sheet and any authorized
125  changes to MLS as required in the Rules and Regulations of the above MLS. SELLER understands and agrees that any
126  MLS information regarding the above Property will be made available to Buyer's Agents and/or Dual Agents. SELLER
127  acknowledges that pursuant to Idaho Code §54-2083(6)(d), a "sold" price of real property is not confidential client
128  information.
129  **14. LOCKBOX AUTHORIZATION.**
130  _QK_ / _____  By initialing this line, SELLER directs that a lockbox containing a key which gives MLS Keyholders access to the Property
131  (Initial)  shall be placed on any building located on the Property. SELLER authorizes MLS Keyholders to enter said Property to
132  inspect or show the same. SELLER agrees to hold Broker harmless from any liability or loss.
133
134  **15. AVM AND BLOGGING AUTHORIZATION.**
135  SELLER ☒ does ☐ does not agree to allow for Automated Valuation Model (AVM).
136  SELLER ☒ does ☐ does not agree to allow blogging and or consumer comments.
137
138  **16. ADVERTISING AUTHORIZATION.**
139  SELLER ☒ does ☐ does not agree to allow listing documents and information to be displayed on the Internet.
140  SELLER ☒ does ☐ does not agree to allow address to be displayed on Internet.
141  SELLER ☒ does ☐ does not agree to allow Broker to advertise said Property in print media.
142  SELLER ☒ does ☐ does not agree to allow Broker to advertise said Property in other advertising media.
143  SELLER ☒ does ☐ does not agree to allow Broker to place the Broker's sign on Property.
144
145  **17. SELLER'S PROPERTY DISCLOSURE FORM.** If required by Title 55, Chapter 25 Idaho Code, SELLER shall within ten (10) calendar
146  days after execution of a Purchase and Sale Agreement provide to Buyer "Seller's Property Disclosure Form" and Buyer shall have three (3) business
147  days from receipt of the disclosure report to rescind the offer in a written signed and dated document delivered to the SELLER or the SELLER'S
148  Agents. Buyer rescission must be based on a specific written objection to a disclosure made in the Seller's Property Disclosure Form.
149  **18. LEAD BASED PAINT DISCLOSURE.** SELLER has been advised of disclosure obligations regarding lead-based paint and lead-based
150  paint hazards in the event Property is a defined "Target Housing" under Federal Regulations. The term lead-based paint hazard is intended
151  to identify lead-based paint and all residential lead-containing dusts and soils **regardless of the source of lead.**
152  Said Property ☒ is ☐ is not "Target Housing". If yes, SELLER agrees to sign and complete the Information Disclosure and Acknowledgment
153  Form provided and deliver to my agent all records, test reports or other information related to the presence of lead-based paint or lead-based
154  paint hazards, if any. Additionally, if any structure was built before 1978 and is a residential home, apartment or child-occupied facility such
155  as a school or day-care center, federal law requires contractors that disturb lead-based paint in that structure to provide the owner with a
156  "Renovate Right" pamphlet. The contractor shall be certified and follow specific work practices to prevent lead contamination.
157
158  **19. TRANSACTION RELATED SERVICES DISCLAIMER:** SELLER understands that Broker is qualified to advise SELLER on general
159  matters concerning real estate, but may not offer legal or accounting advice and is not an expert in matters of law, tax, financing, surveying,
160  structural conditions, property inspections, water rights, mineral rights, hazardous materials, or engineering. SELLER acknowledges that
161  Broker advises SELLER to seek expert assistance for advice on such matters. The Broker or Broker's agents may, during the course of the
162  transaction, identify individuals or entities who perform services including **BUT NOT LIMITED TO** the following; home inspections, service
163  contracts, appraisals, environmental assessment inspection, code compliance inspection, title insurance, closing and escrow services, loans
164  and refinancing services, construction and repair, legal and accounting services, and/or surveys. SELLER understands that the identification
165  of service providers is solely for SELLER'S convenience and that the Broker and their agents are not guaranteeing or assuring that the
166  service provider will perform its duties in accordance with SELLER'S expectations. SELLER has the right to make arrangements with any
167  entity SELLER chooses to provide these services. SELLER hereby releases and holds harmless the Broker and Broker's agents from any
168  claims by SELLER that service providers breached their agreement, were negligent, misrepresented information, or otherwise failed to
169  perform in accordance with SELLER'S expectations. In the event SELLER requests Broker to obtain any products or services from outside
170  sources, **SELLER agrees to pay for them immediately when payment is due.** For example: surveys or engineering, environmental and/or
171  soil tests, title reports, home or property inspections, appraisals, etc.
172
173  **20. CONSENT TO LIMITED DUAL REPRESENTATION AND ASSIGNED AGENCY:** The undersigned SELLER has received, read and
174  understand the Agency Disclosure Brochure prepared by the Idaho Real Estate Commission. The undersigned SELLER understands that
175  the brokerage involved in this transaction may be providing agency representation to both SELLER and Buyer. The undersigned SELLER
176  each understands that, as an agent for both SELLER/client and Buyer/client, a brokerage will be a limited dual agent of each client and
177  cannot advocate on behalf of one client over another, and cannot legally disclose to either client certain confidential client information
178  concerning price negotiations, terms or factors motivating Buyer/client to buy or SELLER/client to sell without specific written permission of
179  the client to whom the information pertains. The specific duties, obligations and limitations of a limited dual agent are contained in the Agency
180  Disclosure Brochure as required by Section 54-2085, Idaho Code. The undersigned SELLER understands that a limited dual agent does not
181  have a duty of undivided loyalty to either client.
182  SELLER'S Initials ( _QK_ ) ( _____ ) Date: _4-13-2020_

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. **USE BY ANY OTHER PERSON IS PROHIBITED.** ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

MARCH 2020 EDITION          RE-16 SELLER REPRESENTATION AGREEMENT          Page 3 of 5

Serial#: 046513-100158-6811692
Prepared by: Greg Johnston | KELLER WILLIAMS REALTY EAST ID | PocatelloRealtor@Gmail.com | 2085298888

Form Simplicity

**EXHIBIT "A"**

**Page 3 of 5**

JULY 2019 EDITION                        RE-16 SELLER REPRESENTATION AGREEMENT                       Page 4 of 5

**PROPERTY ADDRESS:** 345 N 5th, Pocatello, Idaho

183  The undersigned SELLER further acknowledge that, to the extent the brokerage firm offers assigned agency as a type of agency
184  representation, individual sales associates may be assigned to represent each client to act solely on behalf of the client consistent with
185  applicable duties set forth in Section 54-2087, Idaho Code. In an assigned agency situation, the designated broker (the broker who supervises
186  the sales associates) will remain a limited dual agent of the client and shall have the duty to supervise the assigned agents in the fulfillment
187  of their duties to their respective clients, to refrain from advocating on behalf of any one client over another, and to refrain from disclosing or
188  using, without permission, confidential information of any other client with whom the brokerage has an agency relationship.

190  **21. SELLER NOTIFICATION AND CONSENT TO RELEASE FROM CONFLICTING AGENCY DUTIES:** SELLER acknowledges that Broker
191  as named above has disclosed the fact that at times Broker acts as agent(s) for other Buyers and for SELLERS in the sale of the Property.
192  SELLER has been advised and understands that it may create a conflict of interest for Broker to introduce Buyers to SELLER Client's Property
193  because Broker could not satisfy all of its Client duties to both Buyer Client and SELLER Client in connection with such a showing or any
194  transaction which resulted. **Based on the understandings acknowledged, SELLER makes the following election:** (Make one selection
195  only)

197  _____ / _____     SELLER does want Broker to introduce any interested Client of Broker to Client SELLER'S Property and hereby
198  **Initials**          agrees to relieve Broker of conflicting agency duties, including the duty to disclose confidential information known
199  **Limited Dual Agency** to the Broker at that time and the duty of loyalty to either party. Relieved of all conflicting agency duties, Broker will
200  **and/or**             act in an unbiased manner to assist the SELLER and Buyer in the introduction of Buyers to such SELLER Client's
201  **Assigned Agency**    Property and in the preparation of any contract of sale which may result. SELLER authorizes Broker to act in a
202                         limited dual agency capacity. Further, SELLER agrees that Broker may offer, but is not obligated to offer,
203  **OR**                 assigned agency representation, and if offered by the Broker, SELLER authorizes Broker to act in such capacity.

206  _____ / _____     SELLER does not want Broker to introduce interested Buyer Clients to Client SELLER'S Property and hereby
207  **Initials**          releases Broker from any responsibility or duty under the agency agreement to do so. Broker shall be under no
208  **Single Agency**      obligation or duty to introduce the Buyer to any Client SELLER'S Property.

209  **22. OTHER POTENTIAL SELLERS AND BUYERS:** SELLER understands that other potential buyers may consider, make offers on, or
210  purchase through Broker, the same or similar properties as SELLER is seeking to sell. SELLER also understands that other potential sellers
211  may consider, receive offers on, or sell through Broker, the same or similar properties as SELLER is seeking to sell. SELLER consents to
212  Broker's representation of such other potential buyers and sellers before, during, and after the expiration of this Agreement and further
213  releases Broker of any conflicting Agency duties that may arise through said representation.

215  **23. INFORMATION WARRANTY.** SELLER warrants that all information provided by SELLER herein and hereafter will be true and correct.
216  Unless specifically stated in writing, SELLER grants Broker the right to share with prospective BUYERS any documents provided to Broker
217  and agrees said documents are not confidential, SELLER further and specifically affirms SELLER is authorized to share tenant information
218  with Broker and authorizes Broker to share the same with prospective BUYERS.

220  **24. DEPOSIT.** Brokers are authorized to receive a deposit from any prospective purchaser who offers to purchase or exchange the Property
221  and shall notify SELLER of the receipt of any such deposit. Acceptance of such deposit by a Broker shall not constitute SELLER'S acceptance
222  of any such offer.

224  **25. COST REIMBURSEMENT:** If BUYER defaults in the performance of any purchase and sale agreement procured under this Agreement,
225  and SELLER becomes entitled to Earnest Money, the holder of the Earnest Money shall pay out of the Earnest Money the costs incurred by
226  SELLER'S Broker related to the transaction, including, without limitation, title insurance, escrow fees, appraisal, credit report fees, inspection
227  fees and attorney fees. If SELLER elects to accept the Earnest Money as liquidated damages, the holder of the Earnest Money shall first
228  pay from the Earnest Money the aforementioned costs incurred by SELLER'S Broker, and then pay any balance of the Earnest Money, one-
229  half to SELLER and one-half to SELLER'S Broker, provided the amount to be paid to SELLER'S Broker shall not exceed the Broker's agreed-
230  to commission. In the event SELLER defaults under any purchase and sale agreement procured under this Agreement, SELLER shall be
231  liable to Broker for any costs incurred by SELLER's Broker related to this Agreement.

233  **26. EARNEST MONEY DISPUTE / INTERPLEADER:** Notwithstanding any termination or breach of this Agreement, BUYER and SELLER
234  agree that in the event of any controversy regarding the Earnest Money and/or items of value held by Broker or closing agency, Broker may
235  reasonably rely on the terms of this Agreement or other written documents signed by both parties to determine how to disburse the disputed
236  money. However, Broker or closing agency shall not be required to take any action but may await any proceeding, or at Broker's or closing
237  agency's option and sole discretion, may interplead all parties and deposit any moneys or things of value into a court of competent jurisdiction
238  and shall recover all costs which were incurred as a result of the dispute including, but not limited to, reasonable attorney's fees. If either
239  parties' Broker incurs attorney's fees as a result of any Earnest Money dispute, whether or not formal legal action is taken, said Broker is
240  entitled to recover actual fees incurred from either BUYER or SELLER.

SELLER'S Initials ( _____ ) ( _____ ) Date: 4-13-2020 _____

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®, USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

MARCH 2020 EDITION                RE-16 SELLER REPRESENTATION AGREEMENT                       Page 4 of 5

Serial#: 046513-100158-6811692
Prepared by: Greg Johnston | KELLER WILLIAMS REALTY EAST ID | PocatelloRealtor@Gmail.com | 2085298888


Form Simplicity

**EXHIBIT "A"**

**Page 4 of 5**

JULY 2019 EDITION     RE-16 SELLER REPRESENTATION AGREEMENT     Page 5 of 5

PROPERTY ADDRESS: 345 N 5th, Pocatello, Idaho

243 **27. GENERAL PROVISIONS.** In the event either party shall initiate any suit or action or appeal on any matter relating to this Agreement the
244 defaulting party shall pay the prevailing party all damages and expenses resulting from the default, including all reasonable attorneys' fees
245 and all court costs, including fees and cost upon appeal, and other expenses incurred by the prevailing party. This Agreement is made in
246 accordance with and shall be interpreted and governed by the laws of the State of Idaho. All rights and obligations of the parties hereunder
247 shall be binding upon and inure to the benefit of their heirs, personal representatives, successors and assigns.

249 **28. WIRE TRANSFER WARNING:** Electronic means of transferring money (i.e. ETF, wire transfer, electronic check, direct deposit, etc...)
250 are subject to sophisticated cyber fraud attacks. These attacks are even more prevalent in real estate transactions due to the large sums
251 of money being exchanged. SELLER is advised that Brokerage will not provide electronic transfer instructions by e-mail. Following money
252 transfer instructions contained in an email from any party is inherently dangerous and should be avoided. SELLER agree that if SELLER
253 use, or authorize the use of, electronic transfer of funds in a transaction they hereby hold the Brokerages, their agents, and the designated
254 title and escrow company harmless from any and all claims arising out of inaccurate transfer instructions, fraudulent interception of said
255 funds and/or any other damage relating to the conduct of third parties influencing the transfer process or stealing funds.

257 **29. NON-DISCRIMINATION.** SELLER and Broker acknowledge that it is illegal to discriminate in the showing, sale or leasing of the Property
258 on the basis of race, religion, color, sex, marital status, national origin, familial, or handicapped status of such person.

260 **30. SINGULAR AND PLURAL** terms each include the other, when appropriate.

262 **31. TRANSMISSION OF DOCUMENTS.** Facsimile or electronic transmission of any signed original document and retransmission of any signed
263 facsimile or electronic transmission shall be the same as delivery of an original. At the request of either the BUYER or SELLER, or the lender, or the
264 Closing Agency, the BUYER and SELLER will confirm facsimile or electronic transmitted signatures by signing an original document.

266 **32. MERGER AND TIME: TIME IS OF THE ESSENCE IN THIS AGREEMENT** The terms hereof, and any addendums or exhibits
267 constitute the entire agreement and supersede all prior agreements, negotiations and discussions between parties. This agreement may be
268 modified only by a written agreement signed by each of the parties.

270 **33. SEVERABILITY:** In the case that any one or more of the provisions contained in this Agreement, or any application thereof, shall be
271 invalid, illegal or unenforceable in any respect, the validity, legality or enforceability of the remaining provisions shall not in any way be
272 affected or impaired thereby.

274 **34. BROKERS ARE REQUIRED TO PRESENT ALL WRITTEN OFFERS UP UNTIL THE TIME OF CLOSING (per Idaho Code §54-2051).**

276 **35. COMMUNICATION:** Failure of SELLER to reasonably maintain communication with BROKER is a breach of this agreement.

278 **36. FORCE MAJEURE:** Neither party shall be liable to the other or deemed in default under this agreement if and to the extent that such
279 party's timely performance of this agreement is prevented by reason of a Force Majeure Event. "Force Majeure Event" means an occurrence
280 that is beyond the control of the party affected and could not have been avoided or overcome by exercising reasonableness or diligence.
281 Force Majeure Events include, but are not limited to, acts of God, war, riots, strikes, fire, floods, epidemics, or other similar occurrences.

283 **37. ACCESS.** SELLER acknowledges that by entering into this contract SELLER is requesting Broker to allow prospective buyers, their
284 associates and agents access to the Property and that it is impossible for Broker to screen and/or monitor all such individuals. Therefore
285 SELLER shall hold Broker harmless from all liability resulting from said access, including but not limited to, liability arising from exposure to
286 disease-causing organisms and objects such as viruses and bacteria.

288 **38. OTHER TERMS AND CONDITIONS:** _Allen Family Holdings, LLC has been merged with Robert Allen Auto Group Inc._
289 _Mr. Allen is Signing as the President of Robert Allen Auto Group, Inc._

291 CONTRACTOR REGISTRATION # (if applicable) _____

293 _[signature]_     4-13-2020     _[signature]_     4/13/2020
294 Seller Signature     Date     Agent or Broker (on behalf of Brokerage) Signature     Date

297 Seller Signature     Date     Brokerage Address     State     Zip

299 Address     City

301 City     State     Zip     Brokerage Phone     Brokerage Fax

303 Phone     Fax     Brokerage Email

305 Email     Agent/Broker Email

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

MARCH 2020 EDITION     RE-16 SELLER REPRESENTATION AGREEMENT     Page 5 of 5

Serial#: 046513-100158-6811692
Prepared by: Greg Johnston | KELLER WILLIAMS REALTY EAST ID | PocatelloRealtor@Gmail.com | 2085298888


Form Simplicity

**EXHIBIT "A"**

**Page 5 of 5**

Steven L. Taggart, ISB No. 8551
Robert J. Maynes, ISB No. 6905
**MAYNES TAGGART PLLC**
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: staggart@maynestaggart.com
rmaynes@maynestaggart.com

*Debtor's counsel*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | Case No. 20-40163-JMM |
| ROBERT ALLEN AUTO GROUP, INC. | Chapter 11, Subchapter V |
| Debtor/Debtor-in-Possession. | |

**DECLARATION OF BROKER MICHAEL J. JOHNSTON IN SUPPORT OF AMENDED APPLICATION TO APPROVE EMPLOYMENT OF GREG JOHNSTON, REALTOR AND JIM JOHNSTON, BOTH OF KELLER WILLIAMS REALTY EAST IDAHO, AS REALTORS FOR THE DEBTOR**

MICHAEL J. JOHNSTON, under penalty of perjury, declare as follows:

1. I am the designated broker for Keller Williams Realty East Idaho.

2. Greg Johnston, one of my agents, has put in place an Exclusive Seller Representation Agreement to represent Robert Allen Auto Group, Inc. in the sale of real estate located in Pocatello, Idaho.

3. Our brokerage has agreed to only have agency representation with Robert Allen Auto Group, Inc. in any future transaction involving that property.

4. In my discussions with Mr. Allen to join my brokerage, I have never conditioned his affiliation with listing the Pocatello real estate with our brokerage.

**EXHIBIT "B"**
**Page 1 of 2**

I certify (or declare) under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

_____
MICHAEL J. JOHNSTON

Dated: June 16, 2020

DECLARATION OF MICHAEL J. JOHNSTON
Page 2

**EXHIBIT "B"**
**Page 2 of 2**