Jason Naess, ISBN 8407
Assistant United States Trustee
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>ROBERT ALLEN AUTO GROUP, INC.<br><br>Debtor. | Case No. 20-40163-JMM<br>Chapter 11 |

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT (Docket No. 116)

The Acting United States Trustee Gregory Garvin, by and through counsel (the "United States Trustee"), objects to the Debtor's Disclosure Statement filed December 31, 2020. Dkt. No. 116). The standard of "containing adequate information," is defined in 11 U.S.C. §1125(a). The purpose of a disclosure statement is to give all Creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan. *See Duff v. United States Trustee (In re California Fidelity, Inc.)*, 198 B.R. 567, 571 (9th Cir. BAP 1996). A Determination of "adequate information" is case-by-case basis and largely within the discretion of the bankruptcy court. *Computer Task Grp., Inc. v. Brotby (In re Brotby)*, 303 B.R. 177, 193 (9th Cir. BAP 2003).

The United States Trustee's raises the following objections to Debtor's Disclosure Statement, based on adequacy of information as well as other specific problems relating to procedural rules:

1. **Inadequate time for objections under Rule 2002(b) requiring 28-day notice for filing objections to a disclosure statement.**

    Debtor's Notice of Hearing provided 28 days of notice from the filing of the Disclosure Statement and filing of the Notice of Hearing (January 5, 2021) to the date of the hearing (February 3, 2021). However, Federal Rule of Bankruptcy Procedure 2002(b) requires notice of "not less than 28 days' notice by mail of the time fixed (1) for *filing objections* and the hearing to consider approval of a disclosure statement . . ." (emphasis added). Because the deadline for objection stated in the Notice of Hearing (Dkt. No. 117 at 1) sets the *objection* deadline as 7 days prior to the hearing, this is only 21 days' notice for objection. Under Rule 2002(b) any objections filed up until February 3, 2021 should be deemed timely.

2. **Disclosure regarding status of parcels of real estate has inaccuracies, and there is inadequate disclosure regarding a prior sale.**

    The real estate listed in the Disclosure Statement appears to include properties as "not already sold" that have already been sold. To illustrate some discrepancy, the following are screen clippings from the Disclosure Statement and the Plan:

> The following real property (hereafter "Property") with the address of 300 North 5th Ave., Pocatello, Idaho, not already sold through previous motion filed with the Court, are currently listed for sale:
>
> Parcel 1 - RUPOC175400 Block 270, Lots 11-15 & South 6' of Lot 16
> Parcel 2 - RUPOC184300 Block 293, Lots 1 and 2
> Parcel 3 - RUPOC183500 Block 293, Lots 2 and 3
> Parcel 5 - RUPOC183700 Block 293 Lots 6 thru 10
> Parcel 6 - RPPOC184300 Block 294, Lots 1 thru 7
> Parcel 7 - RPPOC183800 Block 293, Lots 11 and 12
> Parcel 8 – RPPOC 174700 Block 269, Lots 165 and South 1/2 of 17
> Parcel 9 - RPPOC175200 Block 270, Lots 7 and 8
> Parcel 11 - RUPOC173800 Block 270, Lots 1 and 2

(from Disclosure Statement) Dkt. No. 116 at 9.

> sale of the property consisting of the following, not already sold:
>
> 300 North 5th Ave., Pocatello – Buildings and property totaling 28,961 square feet on a 2.96 acre site.
>
> Parcel 1 - RUPOC175400 Block 270, Lots 11-15 & South 6' of Lot 16
> Parcel 2 - RUPOC184300 Block 293, Lots 1 and 2
> Parcel 3 - RUPOC183500 Block 293, Lots 2 and 3
> Parcel 4 - RUPOC183600 Block 293, Lots 4 and 5
> Parcel 5 - RUPOC183700 Block 293 Lots 6 thru 10
> Parcel 6 - RPPOC184300 Block 294, Lots 1 thru 7
> Parcel 7 - RPPOC183800 Block 293, Lots 11 and 12
> Parcel 8 – RPPOC 174700 Block 269, Lots 16 and South 1/2 of 17
> Parcel 9 - RPPOC175200 Block 270, Lots 7 and 8
> Parcel 10 - RPPOC175302 Block 270, West 70' of Lots 9 and 10
> Parcel 11 - RUPOC173800 Block 270, Lots 1 and 2

(from Plan) Dkt. No. 115 at 9. Parcels 4 and 10 are included in the Plan list but not included in the Disclosure Statement list. Comparison to the recent Motion to Sell (December 2020) indicates that Parcels 4 and 10 (the discrepant lots) are not the parcel Debtor seeks to sell pre-confirmation. *See* Dkt. No. 113 at 2, ¶ 1. Rather, the lot subject to the Motion to Sell appears to be Parcel 8 on the above lists. The inclusion of Parcel 8 as an asset to be sold pursuant to the plan adds further confusion. The Disclosure Statement needs to be amended to clarify the status of real property parcels.

**US Trustee's Objection to Debtor's Disclosure Statement -  3**

Additionally, the record shows Debtor previously moved for authorization, in July 2020, to sell a parcel of real estate described as the "6th Street Lot (...Lots 7 & W70' Lots 9 & 10, Block 270, Pocatello Townsite) and the Lander Street Lot (...Lots 1 & 2, Block 269, Pocatello Townsite) which are two pieces of land totaling less than half an acre." Dkt. No. 74 at 2, ¶ 2; *see also id.* at Exh. A.[1] The Motion to Sell was later approved by the Court, based on stipulation with creditor Nissan Motor Acceptance Corporation. Dkt. No. 95. The Disclosure Statement needs to clarify the disposition of these real estate parcels. Adding to the difficulty, Debtor has not filed a Report of Sale as required by Rule 6004(f)(1) for the parcel discussed in the Motion (Dkt. No. 74) and Order. A Report of Sale would enhance disclosure to interested parties and should be required before approval of the Disclosure Statement and confirmation of the Plan.

**3.    Quarterly fees not adequately disclosed.**

Confirmation of a plan requires all fees to be paid. § 1129(a)(12) (referencing quarterly fees in 28 USC § 1930(a)(6)). The Disclosure Statement does not mention quarterly fees whatsoever. The United States Trustee database indicates there are outstanding fees in the amount of $325.00. However, due to the Debtor's failure to submit a Report of Sale required by Rule 6004(f)(1), this calculation of quarterly fees may be inaccurately low. Assuming such sale occurred, the fees do not appear to be adjusted to account for distribution of sale proceeds in 2020. The fees currently owing and potentially stemming from the prior real estate need to be disclosed before approval.

For these reasons, the United States Trustee requests that the Court require the Debtor to amend the Disclosure Statement to address the objections (or to remedy the issues in a proposed

---

[1] This may be parcel 10 listed in the Plan, but the Disclosure Statement does not provide clarity.

**US Trustee's Objection to Debtor's Disclosure Statement -** 4

Order regarding the Disclosure Statement), and for such other relief as the Court may deem appropriate.

DATED: January 27, 2021

Respectfully submitted,

/s/ *Andrew Jorgensen*
ANDREW S. JORGENSEN
Attorney for Gregory M. Garvin
Acting United States Trustee

**US Trustee's Objection to Debtor's Disclosure Statement -  5**

## CERTIFICATE OF SERVICE

      I DO HEREBY CERTIFY that, on January 27, 2021, I caused a true and correct copy of the foregoing document to be electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF systems, as noted below:

Matthew Todd Christensen on behalf of Creditor Robert E Allen
mtc@angstman.com

Donald H Cram on behalf of Creditor Nissan Motor Acceptance Corporation
dhc@severson.com

Mark A Ellingsen on behalf of Creditor Nissan Motor Acceptance Corporation
mae@witherspoonkelley.com,

David Wayne Newman on behalf of U.S. Trustee US Trustee
ustp.region18.bs.ecf@usdoj.gov

Gary L Rainsdon on behalf of Trustee Gary L Rainsdon
trustee@filertel.com

Jeffrey E Rolig on behalf of Creditor Balboa Capital Corporation
jrolig@roliglaw.com

Louis V. Spiker on behalf of Creditor U.S. Bank National Association
lspiker@angstman.com

Steven L Taggart on behalf of Debtor Robert Allen Auto Group, Inc.
staggart@maynestaggart.com

US Trustee
ustp.region18.bs.ecf@usdoj.gov

Any others as listed on the Court's ECF Notice

                                                                       /s/
                                                       Andrew S. Jorgensen